IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTTSDALE INSURANCE COMPANY,

    Plaintiff,

  v.

DAVID AND BETTY KAPLAN FAMILY TRUST, DAVID KAPLAN AND BETTY KAPLAN, individually and as trustees for DAVID AND BETTY KAPLAN FAMILY TRUST, LALEH ZELINSKY FAMILY TRUST, LALEH ZELINSKY, individually and as trustee for LALEH ZELINSKY FAMILY TRUST, ASM INVESTMENTS, INC., a California corporation, AND DOES 1–50,

    Defendants.

No. C 15-00538 WHA

**ORDER DENYING MOTION TO DISMISS AND DENYING REQUEST FOR JUDICIAL NOTICE**

## INTRODUCTION

Defendants move to dismiss, or in the alternative, stay the complaint for declaratory relief in this insurance-coverage action. For the following reasons, the motion is **DENIED**.

## STATEMENT

This is an insurance-coverage action brought by plaintiff insurer against defendants, the insureds, to determine the parties' rights and obligations under defendants' commercial general-liability policy, effective May 1, 2013 to June 4, 2014. Defendants David and Betty Kaplan, individually and as trustees for co-defendant David and Betty Kaplan Family Trust; Laleh Zelinsky, individually and as trustee for co-defendant Laleh Zelinsky Family Trust; and ASM

Investments, Inc. are landlords. Defendants own the Warfield Hotel, a single-resident-occupancy hotel ("SRO") located at 118 Taylor Street in San Francisco's Tenderloin neighborhood. Since 2008, defendants have been sued repeatedly by residents of the Warfield as well as by the City and County of San Francisco due to the uninhabitable conditions maintained at the SRO (Compl. ¶¶ 9–12).

Most recently, and relevant to our case, is *Toliver v. Shaikh, et al.*, No. CGC 14-542085. The *Toliver* action is currently pending in San Francisco Superior Court and is set to go to trial in June 2016. There, the plaintiff Roy Toliver, not a party to our case, brought suit for (1) negligence; (2) breach of the warranty of habitability; (3) breach of the warranty of quiet enjoyment; (4) violation of the San Francisco Rent Ordinance; (5) intentional infliction of emotional distress; (6) violation of California Civil Code Section 1941.1; and (7) violation of California Civil Code Section 1940.1. The named defendants in the *Toliver* action include David and Betty Kaplan, as trustees; Laleh Zelinsky, individually and as trustee; and ASM Investments, Inc., all defendants in this federal action. Neither the David and Betty Kaplan Trust nor the Laleh Zelinsky Family Trust is a named defendant in the *Toliver* action (Compl. ¶¶ 11–27).

Plaintiff Scottsdale Insurance Company undertook the defense of the *Toliver* action, pursuant to a reservation of rights, and filed the instant complaint for declaratory relief. Scottsdale alleges that the *Toliver* action is not covered based on the known-loss provision in the insurance policy, which reads, in relevant part:

> This insurance applies to "bodily injury" and "property damage" only if:
>
> \*   \*   \*
>
> Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

> "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
>
> (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
>
> (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
>
> (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

Based on the allegation that defendants failed to disclose claims made in the prior habitability lawsuits on their insurance application, including the repeated private lawsuits regarding habitability issues along with the action brought by the City of San Francisco, Scottsdale requests a declaration that it (1) has no duty to defend; (2) has no duty to indemnify; (3) is entitled to reimbursement of defense costs expended; and (4) is entitled to reimbursement of indemnity payments expended in the *Toliver* action (Compl. ¶¶ 34–57).

Defendants move to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted. Defendants also ask this court to exercise its discretion to dismiss or stay this action based on overlapping issues. This order follows full briefing and oral argument.

**ANALYSIS**

Defendants' motion to dismiss or stay is denied because none of the three reasons advanced by defendants are persuasive. In *Government Employees Insurance Company v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998), our court of appeals reaffirmed that:

> A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. It must also fulfill statutory jurisdictional prerequisites. If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority."

3

Subject-matter jurisdiction is satisfied in our case. Neither party disputes that there is complete diversity or that the amount in controversy exceeds $75,000 in this action (Compl. ¶¶ 1–8).

Rather, defendants state that this court lacks subject-matter jurisdiction because there is no case or controversy ripe for resolution (Br. 10–11). This bald assertion, made without any factual or legal support, fails.

Our court of appeals has "consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *See Dizol*, 133 F.3d at 1222, n. 2. Contrary to defendants' suggestion:

> an insurer's declaratory judgment action regarding its duty to defend and indemnify [is] sufficiently ripe, even when the underlying liability action in state court [has] not yet proceeded to judgment. [T]here is no per se rule against the district court exercising its jurisdiction to resolve an insurance coverage dispute when the underlying liability suit is pending in state court.

*See American States Insurance Co. v. Kearns*, 15 F.3d 142, 144–45 (9th Cir. 1994) (citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Here, there is indeed an Article III case or controversy, specifically, whether Scottsdale must defend and indemnify the defendants in the *Toliver* action. Scottsdale need not wait until there is a verdict in the *Toliver* action or until it is too late to recoup funds expended before it requests a declaration of its rights and obligations as an insurer.

Defendants also ask this court to dismiss or stay this action, as a matter of discretion, based on issues defendants claim are common to this federal action and the *Toliver* action (Br. 11). This order declines to do so. "There is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. 'We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.'" *Dizol*, 133 F.3d at 1225 (quoting *Aetna Casualty and Surety Company v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992)).

4

Defendants' reliance on *Wilton v. Seven Falls Company*, 515 U.S. 280, 282 (1995) (citing *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 495 (1942)), is similarly misplaced. Unlike the parallel state actions in *Wilton* and *Brillhart*, the *Toliver* action is not an insurance-coverage action — it is a tort action. Additionally, the parties are not the same. Scottsdale is not a party to the *Toliver* action nor are the *Toliver* plaintiffs parties to this federal action.

Moreover, while defendants argue that there are overlapping issues, the *Toliver* action does not present the same issues as this federal action. Determining Scottsdale's duties under the policy involves statutory interpretation and contract law. This action is not a second insurance-coverage action warranting abstention as a matter of discretion. Furthermore, this order will *not* immunize the insurance company from a separate suit or prejudice the insureds in the underlying suit by reason of pursuing this lawsuit.

Having considered all three inquiries relevant to a court's exercise of jurisdiction over a declaratory-judgment action, this order now turns to defendants' additional arguments for dismissal, none of which is persuasive. Defendants argue that Scottsdale failed to state a claim for relief under Rule 12(b)(6) because Scottsdale did not allege that defendants' misrepresentations on their insurance application were material (Br. 14).

This argument, however, does not apply to plaintiff's claims. Materiality is an element of a claim for rescission of an insurance contract. *See LA Sounds USA, Inc. v. St. Paul Fire & Marine Insurance Co.*, 156 Cal. App. 4th 1259, 1267–68 (Cal. Ct. App. 2007). Scottsdale did not allege a claim for rescission in its complaint. Scottsdale requested a declaration of its duties based on the language of the policy. Finally, for the first time in their reply, defendants claim that "Scottsdale cannot show that there is no possibility of coverage" (Reply Br. 7). Defendants do not provide legal authority in support of this supposed rule of decision. Scottsdale need not prove its case at the pleading stage.

Defendants request judicial notice of the dockets and some filings in the prior habitability lawsuits (Dkt. Nos. 18, 23). This order does not rely on those documents. Accordingly, defendants' request is **DENIED AS MOOT**.

**CONCLUSION**

For the reasons stated herein, defendants' motion to dismiss or stay this insurance-coverage action is **DENIED**.  The request for judicial notice is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: June 1, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE