IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTTSDALE INSURANCE COMPANY,

    Plaintiff,

  v.

DAVID AND BETTY KAPLAN FAMILY TRUST, et al.,

    Defendants.

No. C 15-00538 WHA

**ORDER RE DISCOVERY DISPUTE AND RECOMMENDATION THAT DEPOSITIONS BE COORDINATED WITH THE UNDERLYING STATE COURT CASE**

This is a request to the Superior Court.

Compliments and greetings.

We have a mutual problem.

We have two cases — a state case in the Superior Court and a federal case here, both overlapping and involved with the Warfield Hotel in San Francisco. The problem is that plaintiffs in the state action (tenants of the hotel) refuse to appear for depositions in the federal case, despite subpoenas, ostensibly because they are direct parties only in the state case (or so counsel have represented).

This Court recommends that the depositions of the plaintiff hotel residents in the underlying state court case please be coordinated with their depositions in this federal action (the insurance coverage dispute), with the state case acting as the lead case. By your order, Scottsdale Insurance Company should be given notice of each hotel resident's deposition in

the underlying state court litigation and be allowed to participate by asking its own questions of the witness at the end of all other examinations.  In turn, by the instant order, the coordinated depositions would then be usable in both actions and would bind all parties.  This procedure, in my view, would be the most efficient way to go forward and avoid the potentially recurring problem of plaintiff hotel residents refusing to appear for depositions.  I am open, however, to any procedure the Superior Court prefers that gives Scottsdale a chance to ask questions and participate.

\*            \*            \*

This request is without prejudice to the parties herein coming back to the undersigned judge for future relief if the above recommendation to coordinate depositions does not materialize.  Should this coordination of depositions not take place, plaintiff hotel residents will likely be ordered to appear for depositions in this federal insurance action and, if they fail to appear again, will likely be brought to court and forced to sit for questioning.  The coordinated approach above will avoid such measures.

Counsel for both parties herein shall present this coordination request to the Superior Court within seven calendar days in a joint motion designed to achieve such coordination.  (The insurance company is not a party to the state case, so it need only include with the motion a letter to the Superior Court requesting the relief sought.)

**IT IS SO ORDERED.**

Dated:  November 25, 2015.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE